ORDER
Upon “Request for Summary Judgment” In the above entitled action filed by Morris Buckles, by and through his Counsel of Record, Barry C. Bighorn Sr., Public Defender, the Court makes the following:

PROCEDURAL BACKGROUND

On June JO, 1997 the Appellant, Morris Buckles, was arraigned in Tribal Court and pled not guilty to the charges of DUI and Unlawful Possession of Drugs and Disorderly Conduct.
On August 2ñ, 1997 Morris Buckles by and through counsel, Duane T. Smith, filed a Motion for Dismissal on all charges. The dismissal was based on lack of probable cause. On September 10, 1997 Prosecutor Marvin Youpee, acting on behalf of the Fort Peck Tribes, filed a reply brief. The record indicates that Prosecutor You-pee’s reply brief was filed more than ten days after the filing of Mr. Buckles motion for dismissal.

OPINION ¡ORDER

The Defendant/Appellant contends that his rights to due process and equal protection under the law were violated based on the fact that Mr. Youpee’s reply brief was filed more than ten days after the motion to dismiss was filed by Defendant/Appellant. The Rules of Civil Procedure here clearly states:
7-1 MOTIONS
“Upon serving and filing a motion, or within 5 days thereafter, the moving party shall serve and file a brief. The adverse party shall have 10 days after receipt of the motion and brief within which to serve and file and answer brief. A reply brief may be served and filed *125 ■within 10 days after receipt of the answer brief. Upon the filing of briefs, the motion shall be deemed made and submitted and taken under advisement by the Court, unless the Court orders oral argument on the motion. The Court may, in its discretion, order oral arguments on its own motion, or upon an application contained in the brief of either party.
Failure to file briefs within the prescribed time may subject any motion to summary ruling. Failure to file a brief by the moving party shall be deemed an admission that, in the opinion of counsel, the motion is without merit, and failure to file a brief by the adverse party shall be deemed an admission that, in the opinion of counsel, the motion it well taken.”
It is clearly indicated by this procedural rule that the adverse party who files a reply brief has in its discretion the ability to file a brief within ten days. Additionally, it is noted here that the Tribal Court has the discretion to make a summary ruling on any briefs not filed within the ten day peiiod of time. The party filing the reply brief is not mandated to file a brief within ten days and the Court is not mandated to act in a summary fashion or deny the arguments presented in a brief not filed within ten days.
The facts in this case indicate that Marvin Youpee filed within twelve days. In this case the rules appear to be discretionary both on the petitioning party and on the Court, therefore, this Court cannot supplant the lower Court’s decision when the lower Court did not abuse its discretion.
Defendant’s counsel misapplies Fort Peck, Tribes v. Rudolph Martell Criminal No. 1995-97-2; again the Honorable A.T. Stafne was within his discretionary duties when denying petitioners Motion to Withdraw; Judge Stafne denied the motion to withdraw was based on the fact that the motion was brought on October 1, 1997 and trial was set for October 2, 1997. Clearly in that case the Honorable A.T. Stafne did not abuse his discretion.
Based on the foregoing it is NOWTH-EREFORE THE ORDER OF THIS COURT THAT the request for Summary Judgment is hereby DENIED and this matter is hereby remanded to the Lower Court for further proceedings.